FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

IN THE UNITED STATES DISTRICT COURT '07 SEP 18 PM 4: 16
FOR THE DISTRICT OF NEBRASKA OFFICE OF THE CLERK

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 8:07cv203 |
| v. | ) | |
| | ) | |
| DEAN R. SOULLIERE AND | ) | |
| COLLEEN A. SOULLIERE, AND | ) | |
| SOULLIERE AND JACKSON, INC., d/b/a | ) | |
| ONE HOUR MARTINIZING, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## CONSENT DECREE

### I. BACKGROUND

A. The United States of America ("United States"), on behalf of the Administrator of the

United States Environmental Protection Agency ("EPA"), filed a complaint in this matter

pursuant to Sections 106 and 107 of the Comprehensive Environmental Response,

Compensation, and Liability Act of 1980, 42 U.S.C. §§ 9606 and 9607, as amended

("CERCLA"), seeking injunctive relief and reimbursement of response costs incurred and to be

incurred for response actions taken at or in connection with the release or threatened release of

hazardous substances at the 10th Street Superfund Site (formerly known as the Columbus,

Nebraska Public Water Supply Superfund Site) in Columbus, Nebraska ("the Site").

B. The defendants who have entered into this Consent Decree ("Defendants") do not

admit any liability to Plaintiff arising out of the transactions or occurrences alleged in the

U.S. v. Dean and Colleen Soulliere
Consent Decree

Complaint.

C. The United States has reviewed the Financial Information submitted by Defendants to determine whether Defendants are financially able to pay the response costs incurred and to be incurred at the Site. Appendix A is a list of the Financial Information submitted by Defendants. Based upon this Financial Information, the United States has determined that Defendants are not able to pay any portion of the response costs, except as provided in Paragraph 5.

D. The United States and Defendants agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

THEREFORE, with the consent of the Parties to this Decree, it is ORDERED, ADJUDGED, AND DECREED:

## II. JURISDICTION

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. §§ 9606, 9607 and 9613(b) and also has personal jurisdiction over Defendants. Solely for the purposes of this Consent Decree and the underlying complaint, settling Defendants waive all objections and defenses that they may have to jurisdiction of the Court or to venue in this District. Defendants consent to and shall not challenge entry of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

## III. PARTIES BOUND

2. This Consent Decree is binding upon the United States and upon Defendants and their heirs, successors and assigns. Any change in ownership or corporate or other legal status,

U.S. v. Dean and Colleen Soulliere
Consent Decree                              2

including but not limited to, any transfer of assets or real or personal property, shall in no way alter the status or responsibilities of Defendants under this Consent Decree. Within 30 days of any change in ownership or corporate or other legal status affecting Defendants' obligations under this Consent Decree, Defendants shall provide the United States with notice of the change, in accordance with Section XVI (Notices and Submissions) of this Decree.

## IV.  DEFINITIONS

3. Unless otherwise expressly provided herein, terms used in this Consent Decree which are defined in CERCLA or in regulations promulgated under CERCLA shall have the meaning assigned to them in CERCLA or in such regulations. Whenever terms listed below are used in this Consent Decree or in any appendix attached hereto, the following definitions shall apply:

a. "CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. § 9601, et seq.

b. "Consent Decree" or "Decree" shall mean this Consent Decree and all appendices attached hereto. In the event of conflict between this Consent Decree and any appendix, the Consent Decree shall control.

c. "Day" shall mean a calendar day. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next working day.

d. "Defendants" and "Settling Defendants" shall mean Soulliere and Jackson, Inc. and Dean R. Soulliere, Colleen A. Soulliere, as individuals and/or doing business as One Hour Martinizing.

e. "DOJ" shall mean the United States Department of Justice and any successor

U.S. v. Dean and Colleen Soulliere
Consent Decree                                3

departments, agencies or instrumentalities of the United States.

f. "EPA" shall mean the United States Environmental Protection Agency and any successor departments, agencies or instrumentalities of the United States.

g. "EPA Hazardous Substance Superfund" shall mean Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

h. The "Final Record of Decision for OU2" or "Final OU2 ROD" means the "Final Record of Decision for OU2" relating to the Site signed on September 29, 2005 by the Regional Administrator, EPA Region 7, or his/her delegatee, and all attachments thereto.

I. "Financial Information" shall mean those financial documents identified in Appendix A.

j. "Interest" shall mean interest at the current rate specified for interest on investments of the EPA Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a). The applicable rate of interest shall be the rate in effect at the time the interest accrues. The rate of interest is subject to change on October 1 of each year.

k. The "Interim Record of Decision for OU2" or "Interim OU2 ROD" means the EPA "Interim Record of Decision for OU2" relating to the Site signed on September 20, 2001 by the Regional Administrator, EPA Region 7, or his/her delegatee, and all attachments thereto.

l. "Paragraph" shall mean a portion of this Consent Decree identified by an arabic numeral or an upper or lower case letter.

m. "Parties" shall mean the United States and the Defendants.

n. "Plaintiff" shall mean the United States.

o. "Property" shall mean the real property located at 2262 25th Avenue, Columbus, Platte County, Nebraska, and is designated by the following property description:

Lots One (1) and Two (2), Block Sixteen (16), Phillips Third Addition to the City of Columbus, Platte County, Nebraska, except the North seven feet (7') thereof.

p. "Remedial Action" shall mean those activities, except for operation and maintenance, to be undertaken to implement the Interim OU2 ROD, or the Final OU2 ROD.

q. "Section" shall mean a portion of this Consent Decree identified by a roman numeral.

r. "Site" shall mean the 10th Street Superfund Site (including Operable Units 1 and 2), encompassing a contaminant plume, approximately 430 acres in size, located between 23rd and 6th Streets from north to south and between 18th Avenue and 32nd Avenue from east to west in Columbus, Platte County, Nebraska, and depicted more clearly on the map included in Appendix B.

s. "United States" shall mean the United States of America, including its departments, agencies and instrumentalities.

## V. STATEMENT OF PURPOSE

4. By entering into this Consent Decree, the mutual objective of the Parties is for Settling Defendants to make a cash payment in accordance with Section VI (Reimbursement of Response Costs) in order to address their alleged liability for the Site as provided in Section VIII (Covenant Not to Sue by Plaintiffs) and subject to Section X (Reservations of Rights by the United States) and to provide for an Environmental Covenant for access, use controls, and

protection of the remedial action and associated building and facilities. By making such payment, Defendants do not admit to any liability.

## VI. REIMBURSEMENT OF RESPONSE COSTS

5. · Within 30 days of entry of the Consent Decree Defendants shall pay to the United States and EPA the amount of $100,000.00.

a. Payment shall be made by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice account in accordance with current EFT procedures, referencing USAO File Number 2007V00135, EPA Region 7, and Site Spill ID Number 07CS OU2, and DOJ Case Number 90-11-2-07430/2. Payment shall be made in accordance with instructions provided to Settling Defendant by the Financial Litigation Unit of the U.S. Attorney's Office in the District of Nebraska following lodging of the Consent Decree. Any payments received by the Department of Justice after 4:00 pm Eastern Time shall be credited on the next business day.

b. At the time of payment, Defendants shall send notice that payment has been made to EPA and DOJ in accordance with Section XVI (Notices and Submissions) and to Linda Long, Regional Financial Management Officer, Office of Policy and Management, Resources & Financial Management Branch, U.S. Environmental Protection Agency, 901 North 5th Street, Kansas City, KS, 66101. Such notice shall reference the EPA Region and Site-Spill ID number 07CS OU2 .

c. All amounts paid pursuant to this paragraph shall be deposited in the 10th Street Superfund Site Special Account within the EPA Hazardous Substance Superfund to be retained and used to conduct or finance response actions at or in connection with the Site, or to be transferred by EPA to the EPA Hazardous Substance Superfund.

U.S. v. Dean and Colleen Soulliere
Consent Decree 6

6. <u>Payment of Insurance Proceeds</u>.  After the effective date of this Consent Decree, any and all Defendants who receive any payments or proceeds under any insurance policy in connection with the release of hazardous substances at the Site shall notify the United States and EPA of the date and amount of each payment within 30 days of receipt of such payment and shall, within 45 days of receiving such payments or proceeds, pay an amount equal to sixty percent (60%) of the net proceeds of such insurance payment ("net proceeds") to the EPA Hazardous Substance Superfund in reimbursement of response costs. "Net proceeds" shall be defined as the total amount of any insurance payment retained by any or all of the Defendants after the payment of reasonable attorneys fees and court costs incurred by Defendants under any fee agreement for legal services in connection with the recovery of any insurance funds.

## VII. <u>FAILURE TO COMPLY WITH REQUIREMENTS OF CONSENT DECREE</u>

7. <u>Interest on Late Payments</u>.  In the event that any payment required by Section VI (Reimbursement of Response Costs) or Section VII, Paragraph 7 (Failure to Comply with Requirements of Consent Decree), is not received when due, Interest shall continue to accrue on the unpaid balance through the date of payment.

8. <u>Stipulated Penalties</u>.

a. If any amounts due to EPA under this Consent Decree are not paid by the required date, Defendants shall pay to EPA, as a stipulated penalty, in addition to the Interest required by Paragraph 7, $1000 per day that such payment is late.

b. If Defendants do not comply with Section XIII (Site Access/Institutional Controls), Defendants shall pay to EPA, as a stipulated penalty, $1000 per violation per day of such noncompliance.

U.S. v. Dean and Colleen Soulliere
Consent Decree                              7

c. Stipulated penalties are due and payable within 30 days of the date of the

demand for payment of the penalties by EPA. All payments to EPA under this Paragraph shall

be made by certified or cashier's check made payable to "EPA Hazardous Substance Superfund"

and shall be sent to:

> Mellon Bank
> EPA Region 7
> Hazardous Substance Response Fund
> P.O. Box 360748M
> Pittsburgh, PA 15251

All such payments shall indicate that the payment is for stipulated penalties and shall

reference the name and address of the party making payment, the EPA Region and Site Spill ID

Number 07CS OU2, USAO File Number 2007V00135, and DOJ Case Number 90-11-2-07430/2.

Copies of checks paid pursuant to this Paragraph, and any accompanying transmittal letters, shall

be sent to EPA and DOJ as provided in Section XVI (Notices and Submissions) and to Linda

Long, Regional Financial Management Officer, Office of Policy and Management, Resources &

Financial Management Branch, U.S. Environmental Protection Agency, 901 North 5th Street,

Kansas City, KS, 66101.

d. Penalties shall accrue as provided in this Paragraph regardless of whether EPA

has notified Defendants of the violation or made a demand for payment, but need only be paid

upon demand. All penalties shall begin to accrue on the day after complete performance is due

or the day a violation occurs, and shall continue to accrue through the final day of correction of

the noncompliance or completion of the activity. Nothing herein shall prevent the simultaneous

accrual of separate penalties for separate violations of this Consent Decree.

9. If the United States brings an action to enforce this Consent Decree, Defendants shall

reimburse the United States for all costs of such action, including but not limited to costs of attorney time, unless the U.S. District Court orders otherwise.

10. Payments made under Paragraphs 7, 8 and 9 shall be in addition to any other remedies or sanctions available to Plaintiff by virtue of Defendants' failure to comply with the requirements of this Consent Decree.

11. The obligations of Defendants to pay amounts owed the United States under this Consent Decree are joint and several. In the event of the failure of any one or more Defendant to make the payments required under this Consent Decree, the remaining Defendant shall be responsible for such payments.

12. Notwithstanding any other provision of this Section, the United States may, in its unreviewable discretion, waive payment of any portion of the stipulated penalties that have accrued pursuant to this Consent Decree.

## VIII. COVENANT NOT TO SUE BY PLAINTIFF

13. Except as specifically provided in Section X (Reservation of Rights by the United States), the United States covenants not to sue or to take administrative action against Defendants pursuant to Sections 106 or 107(a) of CERCLA, 42 U.S.C. §§ 9606 or 9607(a), with regard to the Site. This covenant shall take effect upon receipt by EPA of all payments required by Section VI (Reimbursement of Response Costs) and any amount due under Section VII (Failure to Comply with Requirements of Consent Decree) and receipt by EPA of the certified copy of the original recorded Environmental Covenant in accordance with Section XIII (Site Access/Institutional Controls) of this Consent Decree. This covenant not to sue extends only to Settling Defendants and does not extend to any other person. This covenant not to sue is conditioned upon the

U.S. v. Dean and Colleen Soulliere
Consent Decree                          9

satisfactory performance by Defendants of their obligations under this Consent Decree. This covenant not to sue is also conditioned upon the veracity and completeness of the Financial Information provided to EPA by Defendants. If the Financial Information is subsequently determined by EPA to be false or, in any material respect, inaccurate, Defendants shall forfeit all payments made pursuant to this Consent Decree, and this covenant not to sue and the contribution protection provided by Paragraph 21 shall be null and void at EPA's discretion. Such forfeiture shall not constitute liquidated damages and shall not in any way foreclose the United States' right to pursue any other causes of action arising from Defendants' false or materially inaccurate information.

## IX. RELEASE OF NOTICE OF FEDERAL LIEN

14. Subject to the Reservation of Rights in Section X of this Consent Decree, within 30 days after EPA receives payment of the amount specified in Section VI (Reimbursement of Response Costs) EPA shall file a Release of Notice of Federal Lien in the Registry of Deeds, Platte County, State of Nebraska. The Release of Notice of Federal Lien shall release the Notice of Federal Lien pursuant to Section 107 of the CERCLA, 42 U.S.C. § 9607(1), recorded and entered on January 6, 2005, at Book 497, page 200 and shall not release any other lien or encumbrance which may exist upon the Property.

## X. RESERVATION OF RIGHTS BY THE UNITED STATES

15. The covenant not to sue set forth in Section VIII (Covenant Not To Sue by Plaintiff) does not pertain to any matters other than those expressly specified therein. The United States reserves, and this Consent Decree is without prejudice to, all rights against Defendants with respect to all other matters, including but not limited to:

U.S. v. Dean and Colleen Soulliere
Consent Decree                                    10

a. liability for failure of Defendants to meet a requirement of this Consent

Decree;

b. liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments;

c. criminal liability;

d. liability, based upon Defendants' ownership or operation of the Site, or upon Defendants' transportation, treatment, storage, or disposal, or the arrangement for the transportation, treatment, storage, or disposal, of a hazardous substance or a solid waste at or in connection with the Site, after the date this Consent Decree is lodged with the Court; and

e. liability arising from the past, present, or future disposal, release or threat of release of a hazardous substance, pollutant, or contaminant outside of the Site.

16. Notwithstanding any other provision of this Consent Decree, EPA reserves, and this Consent Decree is without prejudice to, the right to reinstitute or reopen this action, or to commence a new action seeking relief other than as provided in this Consent Decree, if the Financial Information provided by Defendants, or the financial certification made by Defendants in Paragraph 31, is false or, in any material respect, inaccurate.

## XI. COVENANT NOT TO SUE BY DEFENDANTS

17. Defendants covenant not to sue and agree not to assert any claims or causes of action against the United States, or its contractors or employees, with respect to the Site or this Consent Decree, including but not limited to:

a. any direct or indirect claim for reimbursement from the EPA Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C.

U.S. v. Dean and Colleen Soulliere
Consent Decree                    11

§§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

       b.  any claim arising out of response actions at or in connection with the Site, including any claim under the United States Constitution, the Nebraska Constitution, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended, or at common law; and

       c.  any claim against the United States pursuant to Sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9607 and 9613, relating to the Site.

18.  Nothing in this Consent Decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. 300.700(d).

19.  Defendants agree not to assert any CERCLA claims or causes of action that they may have for all matters relating to the Site, including for contribution, against any other person that enters into a final settlement with EPA with respect to the Site. This waiver shall not apply with respect to any defense, claim, or cause of action that Defendants may have against any person if such person asserts a claim or cause of action relating to the Site against Defendants.

## XII. EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION

20.  Except as provided in Paragraph 19, nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree. The preceding sentence shall not be construed to waive or nullify any rights that any person not a signatory to this Decree may have under applicable law. Except as provided in Paragraph 19, the Parties expressly reserve any and all rights (including, but not limited to, any right to contribution), defenses, claims, demands, and causes of action which they

U.S. v. Dean and Colleen Soulliere
Consent Decree             12

may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto.

21. The Parties agree, and by entering this Consent Decree this Court finds, that Defendants are entitled, as of the date of entry of this Consent Decree, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), for "matters addressed" in this Consent Decree. The "matters addressed" in this Consent Decree are all response actions taken or to be taken and all response costs incurred or to be incurred, at or in connection with the Site, by the United States or any other person. The "matters addressed" in this Consent Decree do not include those response costs or response actions as to which the United States has reserved its rights under this Consent Decree (except for claims for failure to comply with this Decree), in the event that the United States asserts rights against Defendants coming within the scope of such reservations.

22. Each Defendant agrees that, with respect to any suit or claim for contribution brought by it for matters related to this Consent Decree, it will notify EPA and DOJ in writing no later than 60 days prior to the initiation of such suit or claim. Each Defendant also agrees that, with respect to any suit or claim for contribution brought against it for matters related to this Consent Decree, it will notify EPA and DOJ in writing within 10 days of service of the complaint or claim upon it. In addition, each Defendant shall notify EPA and DOJ within 10 days of service or receipt of any Motion for Summary Judgment, and within 10 days of receipt of any order from a court setting a case for trial, for matters related to this Consent Decree.

23. In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, recovery of response costs, or other relief relating to the Site, Defendants

U.S. v. Dean and Colleen Soulliere
Consent Decree                    13

shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the Covenant Not to Sue by Plaintiff set forth in Section VIII.

## XIII. SITE ACCESS/INSTITUTIONAL CONTROLS

24. Commencing on the date of lodging of this Consent Decree, Defendants agree to provide the United States and its representatives, including EPA and its contractors, access at all reasonable times to the Property and to any other property owned or controlled by Defendants within the Site to which access is determined by EPA to be required for the implementation of this Consent Decree, or for the purpose of conducting any response activity related to the Site, including but not limited to:

a. Monitoring of investigation, removal, remedial or other activities at the Site;

b. Verifying any data or information submitted to the United States;

c. Conducting investigations relating to contamination at or near the Site;

d. Obtaining samples;

e. Assessing the need for, planning, or implementing response actions at or near the Site;

f. Continuing use of the site for the EPA groundwater treatment building and associated facilities;

g. Assessing Defendants' compliance with this Consent Decree; and

h. Determining whether the Site or other property is being used in a manner that

U.S. v. Dean and Colleen Soulliere
Consent Decree                    14

is prohibited or restricted, or that may need to be prohibited or restricted, by or pursuant to this Decree.

26. Commencing on the date of lodging of this Consent Decree, Defendants shall refrain from using the Site, or other property where access and/or land/water use restrictions are needed to implement this Consent Decree, in any manner that would interfere with or adversely affect the implementation, integrity, or protectiveness of the remedial measures to be performed at the Site or associated building and facilities. The construction or installation of any new water wells on the Property (other than groundwater monitoring wells or remediation wells) shall be prohibited. Any existing water wells on the Property (other than groundwater monitoring wells and remediation wells) shall be abandoned, and such abandonment must be in accordance with State of Nebraska regulations. Any drilling, or similar intrusive activity which would disturb or interfere with any groundwater contamination on the Property (other than installation of groundwater monitoring wells or remediation wells) shall be prohibited. The Property or any portion thereof shall not be used for any use other than industrial or commercial use, excluding child care facilities, which shall be prohibited. Neither PCE or TCE or any substance containing PCE or TCE shall be used or stored on the Property at any time. The excavation and drilling of soils located on the Property shall be prohibited without prior written approval of EPA or the Nebraska Department of Environmental Quality. Neither PCE (also known as tetrachloroethylene) nor TCE or any substance containing PCE or TCE shall be used or stored on the Property at any time.

26. Defendants shall execute and record in the Platte County Register of Deeds Office, 2610 14th Street, Columbus, Nebraska, 68601, an Environmental Covenant, running with the

U.S. v. Dean and Colleen Souiliere
Consent Decree                    15

land, that (I) grants a right of access for the purpose of conducting any activity related to this

Consent Decree including, but not limited to, those activities listed in Paragraph 24 of this

Consent Decree, and (ii) grants the right to enforce the land/water use restrictions listed in

Paragraph 25 of this Consent Decree, or other restrictions that EPA determines are necessary to

implement, ensure non-interference with, or ensure the protectiveness of the remedial measures

to be performed at the Site. Defendants shall grant access rights and the rights to enforce the

land/water use restrictions to an appropriate grantee or grantees, as determined by EPA.

Defendants shall, within 45 days of entry of this Consent Decree, submit to EPA for review and

approval with respect to such property:

    a. A draft Environmental Covenant, in substantially the form attached hereto as

Appendix C, that is enforceable under the laws of the State of Nebraska, and

    b. A current title insurance commitment or report which shows title to the land

described in the Environmental Covenant to be free and clear of all prior liens and encumbrances

(except when those liens or encumbrances are approved by EPA).

Within 15 days of EPA's approval and acceptance of the Environmental Covenant and the title

evidence, Defendants shall update the title search and, if it is determined that nothing has

occurred since the effective date of the commitment to affect the title adversely, record the

Environmental Covenant with the Platte County Register of Deeds Office, 2610 14th Street,

Columbus, Nebraska, 68601. Within 30 days of recording the Environmental Covenant,

Defendants shall provide EPA with a final title insurance policy, or other final evidence of title

acceptable to EPA, and a certified copy of the original recorded Environmental Covenant

showing the clerk's recording stamps.


U.S. v. Dean and Colleen Soulliere
Consent Decree          16

27.  If Defendants are unable to obtain an agreement from the holder of a prior lien or encumbrance to release or subordinate such lien or encumbrance to the Environmental Covenant being created pursuant to this consent decree within 45 days of the date of entry of this Consent Decree, Defendants shall promptly notify the United States in writing, and shall include in that notification a summary of the steps that Defendants have taken to attempt to comply with Paragraph 26 of this Consent Decree.  The United States may, as it deems appropriate, assist Defendants in obtaining access or land/water use restrictions, either in the form of contractual agreements or in the form of easements running with the land, or in obtaining the release or subordination of a prior lien or encumbrance.  Defendants shall reimburse the United States in accordance with the procedures in Section VI (Reimbursement of Response Costs), for all costs incurred, direct or indirect, by the United States in obtaining such access, land/water use restrictions, and/or the release or subordination of prior liens or encumbrances including, but not limited to, the cost of attorney time and the amount of monetary consideration paid or just compensation.

28.  If EPA determines that land/water use restrictions in the form of state or local laws, regulations, ordinances or other governmental controls are needed to implement the remedy selected in the Interim OU2 ROD, or the Final OU2 ROD ensure the integrity and protectiveness thereof, or ensure non-interference therewith, Defendants shall cooperate with EPA's efforts to secure such governmental controls.

29.  Notwithstanding any provision of this Consent Decree, the United States retains all of its access authorities and rights, as well as all of its rights to require land/water use restrictions, including enforcement authorities related thereto, under CERCLA, the Resource Conservation and

U.S. v. Dean and Colleen Soulliere
Consent Decree                             17

Recovery Act, 42 U.S.C. § 6927, and any other applicable statute or regulations.

    30. <u>Notice of Obligations to Successors-in-Title</u>.

        a. Within 15 days after entry of this Consent Decree, Defendants shall record a notice of the entry of this Consent Decree with the Platte County Register of Deeds Office, 2610 14th Street, Columbus, Nebraska, 68601. Thereafter, each deed, title, or other instrument conveying an interest in the Property shall contain a notice stating that the Property is subject to this Consent Decree and shall reference this action's name, docket number, and Court in which this Consent Decree is entered, and any restrictions applicable to the property under this Consent Decree.

        b. The obligations of each Defendant with respect to the provision of access and the implementation of institutional controls under this Section, including but not limited to the Environmental Covenant, shall be binding upon any and all Defendants and upon any and all persons who subsequently acquire any such interest or portion thereof (hereinafter "Successors-in-Title") in the Property. Within 15 days after the entry of this Consent Decree, the Defendants shall record at the Platte County Register of Deeds Office, 2610 14th Street, Columbus, Nebraska, 68601, a notice of obligation to provide access under this Section (Site Access/Institutional Controls) and related covenants, if any. Each subsequent instrument conveying an interest to the Property shall reference the recorded location of such notice and covenants applicable to the Property.

        c. The owner of the Property shall, at least 30 days prior to the conveyance of any such interest by such owner, give written notice of this Consent Decree to the grantee and written notice to EPA of the proposed conveyance, including the name and address of the grantee, and the

U.S. v. Dean and Colleen Soulliere
Consent Decree          18

date on which notice of the Consent Decree was given to the grantee. In the event of any such conveyance, the Defendants' obligations under this Consent Decree, including their obligation to provide or secure access pursuant to this Section (Site Access/Institutional Controls), shall continue to be met by Defendants. In no event shall the conveyance of an interest in the Property release or otherwise affect the liability of Defendants to comply with this Consent Decree.

## XIV. CERTIFICATION

31. By signing this Consent Decree, each Defendant certifies individually that, to the best of his or her knowledge and belief, he or she has:

a. conducted a thorough, comprehensive, good faith search for records, and has fully and accurately disclosed to EPA, all information currently in its possession, or in the possession of its officers, directors, employees, contractors or agents, which relates in any way to the ownership, operation or control of the Site, or to the ownership, possession, generation, treatment, transportation, storage or disposal of a hazardous substance, pollutant or contaminant at or in connection with the Site;

b. not altered, mutilated, discarded, destroyed or otherwise disposed of any records relating to its potential liability regarding the Site, after notification of potential liability or the filing of a suit against the Defendant regarding the Site; and

c. fully complied with any and all EPA requests for information regarding the Site and Defendants' financial circumstances pursuant to Sections 104(e) and 122(e) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e), and Section 3007 of the Resource Conservation and Recovery Act (RCRA), 42 U.S.C. § 6927; and

d. submitted to EPA Financial Information that fairly, accurately, and materially

U.S. v. Dean and Colleen Soulliere
Consent Decree                    19

sets forth its financial circumstances, and that those circumstances have not materially changed

between the time the Financial Information was submitted to EPA and the time Defendants

execute this Consent Decree.

## XV. **MODIFICATIONS**

32. This Consent Decree may be modified by mutual agreement of the Parties. Any such

amendment shall be in writing and shall be signed by an authorized representative of the Parties.

Unless otherwise provided in the amendment, the effective date of any such modification shall be

the date on which the written modification or agreement is signed by EPA after signature of the

Defendants' authorized representative. All modifications shall be incorporated into and become a

part of this Consent Decree.

## XVI. **NOTICES AND SUBMISSIONS**

33. Whenever, under the terms of this Consent Decree, notice is required to be given or a

document is required to be sent by one party to another, it shall be directed to the individuals at

the addresses specified below, unless those individuals or their successors give notice of a change

to the other Parties in writing. Written notice as specified herein shall constitute complete

satisfaction of any written notice requirement of the Consent Decree with respect to the United

States, EPA, DOJ, and Defendants, respectively.

As to the United States:

    As to DOJ:

Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice (DJ # 90-11-2-07430)
P.O. Box 7611
Washington, D.C. 20044-7611

U.S. v. Dean and Colleen Soulliere
Consent Decree          20

As to EPA:

Gerhardt Braeckel
Assistant Regional Counsel
Office of Regional Counsel
U.S. Environmental Protection Agency, Region VII
901 N. 5th Street
Kansas City, KS 66101

Nancy Johnson Swyers
Remedial Project Manager
Iowa-Nebraska Remedial Branch
Superfund Division
U.S. Environmental Protection Agency, Region VII
901 N. 5th Street
Kansas City, KS 66101

As to Defendants:

Dean R. Soulliere and Colleen A. Soulliere
Soulliere & Jackson, Inc.
% David A. Jarecke
Crosby Guenzel, LLP
Federal Trust Building
134 South 13th Street, Suite 400
Lincoln, Nebraska 68508

## XVII. RETENTION OF JURISDICTION

34. This Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree.

## XVIII. INTEGRATION/APPENDICES

35. This Consent Decree constitutes the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Consent Decree. The Parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Consent Decree. The following appendices are attached to and incorporated into this Consent Decree: Appendix A is a list of the

U.S. v. Dean and Colleen Soulliere
Consent Decree                              21

financial documents submitted to EPA by the Defendants; Appendix B is the map of the Site; and

Appendix C is a draft Environmental Covenant.

## XIX. LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

36. This Consent Decree shall be lodged with the Court for a period of not less than 30

days for public notice and comment. The United States reserves the right to withdraw or withhold

its consent if the comments regarding the Consent Decree disclose facts or considerations which

indicate that this Consent Decree is inappropriate, improper, or inadequate. Defendants consent to

the entry of this Consent Decree without further notice.

37. If for any reason this Court should decline to approve this Consent Decree in the form

presented, this agreement is voidable at the sole discretion of any party and the terms of the

agreement may not be used as evidence in any litigation between the Parties.

## XX. EFFECTIVE DATE

38. The effective date of this Consent Decree shall be the date upon which it is entered by

the Court.

## XXI. SIGNATORIES/SERVICE

39. Each undersigned representative of Defendants to this Consent Decree and the Deputy

Section Chief of the Environmental Enforcement Section of the Environment and Natural

Resources Division of the U.S. Department of Justice certifies that he or she is authorized to enter

into the terms and conditions of this Consent Decree and to execute and bind legally such Party to

this document.

40. Each Defendant hereby agrees not to oppose entry of this Consent Decree by this

Court or to challenge any provision of this Consent Decree, unless the United States has notified

Defendants in writing that it no longer supports entry of the Consent Decree.

U.S. v. Dean and Colleen Soulliere
Consent Decree                          22

41. Each Defendant shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by mail on behalf of that Party with respect to all matters arising under or relating to this Consent Decree. Defendants hereby agree to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to, service of a summons. The Parties agree that Defendants need not file an answer to the complaint in this action unless or until the Court expressly declines to enter this Consent Decree.

## XXII. FINAL JUDGMENT

42. Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute the final judgment between the United States and Defendants. The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

43. Upon execution of this document, the original Consent Decree shall be returned to the United States Attorney's Office and a copy of the Consent Decree shall be maintained in the Clerk's Office.

SO ORDERED THIS  18th  DAY OF  September, 2007.

_____
United States District Judge

U.S. v. Dean and Colleen Soulliere
Consent Decree                    23

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of United States v.

Dean R. Soulliere and Colleen A. Soulliere, and Soulliere and Jackson, Inc. d/b/a One Hour

Martinizing relating to the 10th Street Superfund Site.

FOR THE UNITED STATES OF AMERICA

Matthew W. McKeown
Acting Assistant Attorney General
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice

Date: May 17, 2007

ELIZABETH L. LOEB, Member of NY Bar
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: 202-514-1210
Fax: 202-514-4180
Elizabeth.loeb@usdoj.gov

JOE W. STECHER
United States Attorney
District of Nebraska

Date: 5/24/07          By:

LAURIE KELLY, MA Bar #557575
Assistant United States Attorney
District of Nebraska
1620 Dodge Street, Suite 1400
Omaha, NE 68102-1506
Telephone: 402-661-3700, Fax: 402-661-3081
laurie.kelly@usdoj.gov

U.S. v. Dean and Colleen Soulliere
Consent Decree          24

Date: 3/27/07

CECILIA TAPIA
Acting Director, Superfund Division
U.S. Environmental Protection Agency
901 N. 5th Street
Kansas City, KS 66101

Date: _____

GERHARDT BRAECKEL
Assistant Regional Counsel
U.S. Environmental Protection Agency
901 N. 5th Street
Kansas City, KS 66101
(913) 551-7471

U.S. v. Dean and Colleen Soulliere
Consent Decree                    25

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of <u>Dean R.</u>
<u>Soulliere and Colleen A. Soulliere and Soulliere and Jackson, Inc. d/b/a One Hour Martinizing</u>
relating to the 10th Street Superfund Site.

FOR DEFENDANT SOULLIERE AND JACKSON, INC.

Date: _3/16/07_

_____
DEAN R. SOULLIERE, President

FOR DEFENDANTS DEAN R. SOULLIERE AND
COLLEEN A. SOULLIERE

Date: _3/16/07_

_____
DEAN R. SOULLIERE
6166 Country Club Drive
Columbus, NE 68601-2858

Date: _3/16/07_

_____
COLLEEN A. SOULLIERE
6166 Country Club Drive
Columbus, NE 68601-2858

ATTORNEY FOR DEFENDANTS DEAN R. SOULLIERE
AND COLLEEN A. SOULLIERE, AND SOULLIERE
AND JACKSON, INC.

Date: _3-19-07_

_____
DAVID A. JARECKE
Crosby Guenzel, LLP
Federal Trust Building
134 South 13th Street, Suite 400
Lincoln, Nebraska 68508

U.S. v. Dean and Colleen Soulliere
Consent Decree                                    26

Agent Authorized to Accept Service on Behalf of Above-signed Parties:

Name: _____

Title: _____

Address: _____

_____

_____

APPENDIX A

TO CONSENT DECREE IN <u>UNITED STATES V. DEAN R. SOULLIERE AND COLLEEN A.
SOULLIERE, AND SOULLIERE AND JACKSON, INC., D/B/A ONE HOUR MARTINIZING.</u>

<u>LIST OF FINANCIAL INFORMATION SUBMITTED BY DEFENDANTS:</u>

1. Personal federal income tax returns for 2003, 2004 and 2005.
2. Soulliere & Jackson, Inc. One Hour Martinizing federal income tax returns for 2003, 2004 and 2005.
3. Pro-forma 2006 personal federal income tax return prepared by Soulliere's accountant.
4. Individual Ability to Pay Claim form prepared by Soulliere dated July 12, 2006.
5. Letter from David A. Jarecke (Soulliere's attorney) to Gerhardt Braeckel (EPA attorney) dated September 27, 2006.
6. Ability to pay analysis prepared by Industrial Economics, Inc. dated October 1, 2004.
7. Letter from David A. Jarecke (Soulliere's attorney) to Elizabeth L. Loeb dated January 5, 2007 and attachments thereto.
8. Lease Agreement with Right to Purchase between Dean and Colleen Soulliere and Engel & Engel, Inc. dated September 1, 2006.
9. Asset Purchase Agreement between Soulliere & Jackson, Inc. and Engel & Engel, Inc. dated September 1, 2006.

U.S. v. Dean and Colleen Soulliere
Consent Decree

## APPENDIX B

### TO CONSENT DECREE IN <u>UNITED STATES V. DEAN R. SOULLIERE AND COLLEEN A.</u> <u>SOULLIERE, AND SOULLIERE AND JACKSON, INC., D/B/A ONE HOUR MARTINIZING.</u>



| 10th Street Site Columbus, Nebraska | 10th Street Site Map | Figure 1 |
| --- | --- | --- |
| | | 05/05 |

17

APPENDIX C

TO CONSENT DECREE IN <u>UNITED STATES V. DEAN R. SOULLIERE AND COLLEEN A.
SOULLIERE, AND SOULLIERE AND JACKSON, INC., D/B/A ONE HOUR MARTINIZING.</u>

<u>ENVIRONMENTAL COVENANT</u>

     This Environmental Covenant is made this _____ day of _____, 2007, by and
between **Dean R. Soulliere** and **Colleen A. Soulliere**, ("Grantors"), and **Dean R. Soulliere** and
**Colleen A. Soulliere**, ("Holders/Grantees"), pursuant to the Nebraska Uniform Environmental
Covenants Act, Neb. Rev. St. §§76-2601 to 76-2613 ("Act").

**RECITALS.**

A.       WHEREAS, Grantors are the owners of real property located at 2262 26th Avenue
("Property") in Columbus, County of Platte, State of Nebraska, more particularly described as
follows:

          Lots One (1) and Two (2), Block Sixteen (16), Phillips Third
          Addition to the City of Columbus, Platte County, Nebraska, except
          the North seven feet (7') thereof.

B.       WHEREAS, the Property is part of the 10th Street Superfund Site, which
encompasses a contaminant plume, approximately 430 acres in size, currently located between
about 23rd and 6th Streets from north to south and between about 17th Avenue and 31st Avenue
from east to west in Columbus, Platte County, Nebraska, and depicted more clearly on the map
attached hereto as Figure 1, and placed on the National Priorities List, set forth at 40 C.F.R. Part
300, Appendix B by publication at 55 Fed. Reg. 35502 Table 1 on August 30, 1990, and,

C.       WHEREAS, i) the Property is subject to environmental response action, pursuant to
the Comprehensive Environmental Response Compensation and Liability Act, 42 U.S.C. §§ 9601
*et seq.*, ii) such response action is an "environmental response project" as defined by the Act, and
iii) the United States Environmental Protection Agency is an "Agency" as defined by the Act; and
iv) the Nebraska Department of Environmental Quality ("NDEQ") is an "Agency as defined by
the Act; and

D.       WHEREAS, the Regional Administrator for EPA Region VII ("EPA Regional
Administrator") has selected environmental response actions for the Site in a Record of Decision
for Operable Unit 1 ("OU1 ROD") signed on February 23, 1995, an Interim Record of Decision

for OU2 ("OU2 Interim ROD") signed on September 20, 2001, and the Final Record of Decision for OU2 ("OU2 Final ROD") signed on September 29, 2005; and

E.          WHEREAS, the administrative record for the environmental response actions reflected in this covenant is located at the Columbus Public Library in Columbus, Nebraska and the EPA Region VII Office at 901 N. Fifth Street, Kansas City, Kansas; and

F.          WHEREAS, the parties hereto have agreed, i) to grant a permanent right of access over the Property to the Holders/Grantees for purposes of implementing, facilitating and monitoring the source control and ground water remedies required by the EPA and ii) to impose on the Property use restrictions as covenants that will run with the land for the purpose of protecting human health and the environment; and

G.          WHEREAS, Grantors wish to cooperate fully with Holders/Grantees in the implementation of all environmental response actions required by EPA and performed at the Property;

NOW, THEREFORE:

1.    Grant: Grantors, on behalf of themselves, their heirs, successors, and assigns, in consideration of the performance by the Holders/Grantees of environmental response actions required by EPA, do hereby covenant and declare that the Property shall be subject to the restrictions on use set forth below, and do give, grant and convey to the Holders/Grantees and their successors and assigns, with general warranties of title, i) the perpetual right to enforce use restrictions set forth below, and ii) an environmental covenant of the nature and character, and for the purposes hereinafter set forth, with respect to the Property.

2.    Purpose: It is the purpose of this instrument to convey to the Holders/Grantees real property rights, which will run with the land, and to give to the Agencies, EPA and NDEQ, ("Agencies") the right to enforce the use restrictions, as defined in Paragraph 3 below, in order to assure that the Property will be used only for purposes which are compatible with the remedy selected in the Records of Decision and to reduce the risk of exposure to contaminants for human health and the environment.

3.    Restrictions on Use: The following covenants, conditions, and restrictions apply to the use of the Property, run with the land, and are binding on the Grantor.

a.    The Property shall not be used, developed or operated in any manner that violates any applicable state or federal laws, rules, and regulations.

b.    The Property shall not be used or developed in any manner that would disturb, interfere with or adversely affect the implementation, integrity, or protectiveness of the remedial measures performed pursuant to the Records of Decision for the 10th Street

2

Superfund Site.

c.    The construction or installation of any new water wells on the Property (other than groundwater monitoring wells or remediation wells) shall be prohibited.

d.    Any excavation, drilling, or similar intrusive activity which would disturb or interfere with any soil or groundwater contamination on the Property (other than installation of groundwater monitoring wells or remediation wells) shall be prohibited.

e.    The Property or any portion thereof shall not be used for any use other than industrial or commercial use, excluding child care facilities, which shall be prohibited.

f.    Soils located on the Property shall not be excavated without prior written approval of EPA or the Nebraska Department of Environmental Quality ("NDEQ").

g.    Neither PCE or TCE or any substance containing PCE or TCE shall be used or stored on the Property at any time.

4.    Amendment and Termination of Environmental Covenant By Consent: This environmental covenant shall run with the land. This environmental covenant may be amended or terminated by consent in accordance with and subject to the provisions of Neb. Rev. St. §76-2610. The modification or termination of this environmental covenant is not effective until the document evidencing consent of all necessary persons is properly recorded.

5.    Termination of Environmental Covenant: The covenant contained herein shall be deemed a covenant running with the land. This environmental covenant is perpetual unless it is terminated pursuant to Neb. Rev. St. §76-2609 or §76-2910.

6.    Environmental Protection Easement: Grantor hereby grants to Holders/Grantees and to the Agencies and their contractors and designees an irrevocable permanent and continuing right of access at all reasonable times to the Property. The purposes for such access are as follows:

a. Conducting environmental response activities related to the Site;

b. Monitoring of investigation, removal, remedial or other activities at the Site and verifying any data or information submitted to the United States;

c. Obtaining samples and conducting investigations relating to contamination at or near the Site;

d. Assessing the need for, planning, or implementing response actions at or near the Site;

3

e. Verifying that no action is being taken on the Property in violation of the terms of this instrument or of any federal or state environmental laws or regulations; and

f. Determining whether the Site or other property is being used in a manner that is prohibited or restricted, or that may need to be prohibited or restricted, by or pursuant to the Consent Decree.

7.    Reserved Rights of Grantor:  Grantor hereby reserves unto itself and its successors, all rights and privileges in and to the use of the Property which are not incompatible with the restrictions, rights and easements granted herein.

8.    Rights of Entry:  Nothing in this document shall limit or otherwise affect the Grantees's rights of entry and access provided by law.  Nothing in this instrument shall limit or otherwise affect the Agencies' rights of entry and access or the Agencies' authority to take response actions under CERCLA, the National Contingency Plan, or other federal or state law.

9. No Public Access and Use:  No right of access or use by the general public to any portion of the Property is conveyed by this instrument.

10. Notice Requirement:  Grantor agrees to include in any instrument conveying any interest in any portion of the Property, including but not limited to, deeds, leases and mortgages, a notice which is in substantially the form set forth below.

NOTICE: THE INTEREST CONVEYED HEREBY IS SUBJECT TO THE EFFECT OF AN ENVIRONMENTAL COVENANT, DATED _____2007, RECORDED IN THE OFFICE OF THE REGISTER OF DEEDS OF PLATTE COUNTY, NEBRASKA ON _____, 2007 AS INSTRUMENT NUMBER _____ IN FAVOR OF, AND ENFORCEABLE BY, DEAN R. SOULLIERE AND COLLEEN A. SOULLIERE AND THEIR SUCCESSORS AND ASSIGNS AND BY THE UNITED STATES ENVIRONMENTAL PROTECTION AGENCY AND THE NEBRASKA DEPARTMENT OF ENVIRONMENTAL QUALITY.

Within thirty (30) days of the date any such instrument of conveyance is executed, Grantors must provide the Agencies with a certified true copy of said instrument and its recording reference in the Platte County Register of Deeds

11. Enforcement:  The Holders/Grantees and the Agencies shall be entitled to enforce the terms of this instrument by resort to specific performance or legal process.  All reasonable costs and expenses of Holders/Grantees and the Agencies including, but not limited to, attorneys' fees, incurred in any such enforcement action, shall be borne by Grantor or its successors in interest to the Property.  All remedies available hereunder shall be in addition to any and all other remedies at law or in equity.  Any forbearance, delay or omission by

4

Holders/Grantees or the Agencies to exercise their rights under this instrument in the event of a breach of any term of this instrument shall not be deemed to be a waiver by Holders/Grantees or the Agencies of such term or of any subsequent breach of the same or any other term, or of any of the rights of Holders/Grantees or the Agencies under this instrument.

12. <u>Damages</u>: Holders/Grantees and the Agencies shall be entitled to recover damages for violations for any terms of this instrument, or for any injury to the remedies required by EPA, to the public or to the environment protected by this instrument.

13. <u>Agencies</u>: The Grantor on behalf of itself and its heirs, successors, transferees, and assigns and the Holders on behalf of themselves or their successors, transferees, and assigns hereby agree that the EPA and the NDEQ shall be Agencies under this Environmental Covenant.

14. <u>Waiver of Certain Defenses</u>: Grantor hereby waives any defense of laches, estoppel or prescription.

15. <u>Title Covenants</u>: Grantor hereby covenants to and with Holders/Grantees and its successors and assigns, that Grantor is lawfully seized in fee simple of the Property, that Grantor has a good and lawful right and power to sell and convey it, that the Property is free and clear of encumbrances, and that Grantor will forever warrant and defend the title thereto and the quiet possession thereof.

16. <u>Notices</u>: Any notice, demand, request, consent, approval, or communication that any party desires or is required to give to any other shall be in writing and shall either be served personally or sent by first class mail, postage prepaid, addressed as stated below.

<u>To Grantors</u>:
Dean R. Soulliere and Colleen A. Soulliere
6166 Country Club Drive
Columbus, NE 68601-2858

<u>To Holders/Grantees</u>:
Dean R. Soulliere and Colleen A. Soulliere
6166 Country Club Drive
Columbus, NE 68601-2858

<u>To Agencies</u>:
USEPA, Region 7
Re: One Hour Martinizing (Soulliere)
10th Street Superfund Site (07CS OU2)
901 North 5th St.

Kansas City, Kansas 66101

Nebraska Department of Environmental Quality
Remediation Section
Suite 400, The Atrium
2424 14th Street
Columbus, NE 68602-1677

17. General Provisions:

       a.    Controlling law – The interpretation and performance of this instrument shall be governed by the laws of the State of Nebraska.

       b.    Liberal construction – Any general rule of construction to the contrary notwithstanding, this instrument shall be liberally construed in favor of the grant to effect the purpose of protecting human health and the environment. If any provision of this instrument is found to be ambiguous, an interpretation consistent with the purpose of this instrument that would render the provision valid shall be favored over any other interpretation that would render it invalid.

       c.    Severability – If any provision of this instrument, or the application of it to any person or circumstance, or the application of such provisions to persons or circumstance, is found to be invalid, the remainder of the provisions of this instrument, or the application of such provisions to persons or circumstances other than those to which it is found to be invalid, as the case may be, shall not be affected thereby.

       d.    Entire Agreement – This instrument sets forth the entire agreement of the parties with respect to rights and restrictions created hereby, and supersedes all prior discussions, negotiations, understandings, or agreements relating thereto, all of which are merged herein.

       e.    No Forfeiture –Nothing contained herein will result in a forfeiture or reversion of Grantor's title in any respect.

       f.    Successors – The covenants, terms, conditions, and restrictions of this instrument shall be binding upon, and inure to the benefit of, the parties hereto and their respective personal representatives, heirs, successors, and assigns and shall continue as a servitude running in perpetuity with the Property. The term "Grantor", wherever used herein, and any pronouns used in place thereof, shall include Dean R. Soulliere, and his personal representatives, heirs, successors, and assigns and Colleen A. Soulliere and her personal representatives, heirs, successors and assigns. The term "Holders/Grantees", wherever used herein, and any pronouns used in place thereof, shall include Dean R. Soulliere, and

6

his personal representatives, heirs, successors, and assigns and Colleen A. Soulliere and her personal representatives, heirs, successors and assigns.

g.    As provided in Neb. Rev. St. §76-2610, assignment of an environmental covenant to a new Holder is an amendment. The Holders may not assign their interest without consent of the other parties.

h.    Captions – The captions in this instrument have been inserted solely for convenience of reference and are not a part of this instrument and shall have no effect upon construction or interpretation.

i.    Counterparts – The parties may execute this instrument in two or more counterparts, which shall, in the aggregate, be signed by all parties; each counterpart shall be deemed an original instrument as against any party who has signed it. In the event of any disparity between the counterparts produced, the recorded counterpart shall be controlling.

TO HAVE AND TO HOLD unto DEAN R. SOULLIERE, his successors, heirs and assigns forever and COLLEEN A. SOULLIERE, her successors, heirs and assigns forever.

7

**GRANTORS:**

　　　　In witness whereof, Grantors have caused this Agreement to be signed in their names.

Executed the _16_ day of _March_ , 2007.


_Dean R. Soulliere_

Dean R. Soulliere
Grantor

_Colleen A. Soulliere_

Colleen A. Soulliere
Grantor

**Holders/Grantees:**

This Environmental Covenant is accepted this _16_ day of _March_ 2007.


_Dean R. Soulliere_

Dean R. Soulliere
Grantee/Holder

_Colleen A. Soulliere_

Colleen A. Soulliere
Grantee/Holder


STATE OF _Nebraska_ )
　　　　　　　　　　　　 )
COUNTY OF _Platte_ )


　　　　The foregoing instrument was acknowledged before me on the _16_ day of
_March_ , 2007 by _Dean Soulliere_ and _Colleen Soulliere_

> GENERAL NOTARY - State of Nebraska
> WILLIAM J. NEIMAN
> My Comm. Exp. March 10, 2009

_William J. Neiman_

Notary Public

8

**AGENCY:**

On behalf of the United States Environmental Protection Agency, Region VII:

_____                    _____

Date                                       Cecilia Tapia
                                              Director
                                              Superfund Division


STATE OF                        )
                                        )
COUNTY OF                   )


      The foregoing instrument was acknowledged before me on the ___ day of
_____, 2007 by _____ and _____


                                              _____

                                              Notary Public


9

**AGENCY:**

IN WITNESS WHEREOF, NDEQ as an Agency defined in § 76-2602(2) of the Act, is not a party to this Environmental Covenant and does not acquire or assume any liability, obligation, or responsibility under state or federal law by virtue of signing this Environmental Covenant, nor is NDEQ a Holder under Neb. Rev. Stat. §§ 76-2602(6) and 76-2603(a).

On behalf of the Nebraska Department of Environmental Quality:

_____

Director

STATE OF NEBRASKA        )
                         ) ss.
COUNTY OF LANCASTER      )

The foregoing signature was acknowledged before me this ___ day of ____, 2007 by _____, who is the Director of the Nebraska Department of Environmental Quality.

_____

Notary Public

10



| 10th Street Site<br>Columbus, Nebraska | 10th Street Site Map | Figure 1 |
| --- | --- | --- |
| | | 05/05 |